UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SHIMSHON WEXLER individually and on
behalf of a class,

                   Plaintiffs,

     v.

CREDIT CONTROL SERVICES, Inc. d/b/a
CREDIT COLLECTION SERVICES

                   Defendant.
-----------------------------------------------------------X

**10 CIV 8209**

**COMPLAINT – CLASS ACTION**

## INTRODUCTION

1.       Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Credit Control Services, Inc. doing business as Credit Collection Services ("CCS"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.       The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §1692(d), 1692(e), 1692(f) and 1692(g). To determine whether there is a violation of the FDCPA, communication are viewed from the perspective of the least sophisticated consumer. The FDCPA is a strict liability statute, intent is not an element of a claim. A single violation of the statute triggers liability.

## JURISDICTION AND VENUE

3.       This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331

and 28 U.S.C. §1337.

    4.      Venue and personal jurisdiction in this District are proper because:

        a.      Defendant's collection communications were received by plaintiff within this District;

        b.      Defendant does business within this District.

    5.      Plaintiff, Shimshon Wexler, is an individual who resides in New York County, New York.

    6.      Defendant, CCS, is a corporation chartered under Delaware law with an office at Two Wells Avenue, Newton, Massachusetts 02459.

    7.      Defendant is engaged in the business of a collection agency, collecting debts allegedly owed to others.

    8.      Defendant is a debt collector as defined in the FDCPA.

## FACTS

    9.      On or about April 1st, 2010, plaintiff was sent the collection letter attached as Exhibit A, bearing defendant's name and logo.

    10.      Exhibit A sought to collect a debt incurred for personal, family or household purposes, namely monies due emanating from a personal student loan.

    11.      Exhibit A is a standard form document.

    12.      More than 200 examples of Exhibit A have been sent out during the last 12 months.

    13.      Exhibit A is sent out with the knowledge and consent of CCS.

    14.      Exhibit A has a bar-coded address, which the Postal Service requires for mail that is sent in volume to qualify for discounted postage.

    15.      Documents in the form represented by Exhibit A are regularly sent by CCS to

collect delinquent debts.

16.     <u>Exhibit A</u> says "AMOUNT DUE:" and directly below that says "$251.68".

17.     <u>Exhibit A</u> contains an underlined sentence which states in part "<u>If you cannot pay the past-due amount in full at this time...</u>". See <u>Exhibit A</u>

18.     The "AMOUNT DUE" part of the notice is a material part of the notice.

19.     The past due amount with regards to the account as of the date the letter was sent was $125.84. See <u>Exhibit B</u>

20.     The past due amount as of the date the letter was sent, was not $251.68. See <u>Exhibit B</u>

**VIOLATION ALLEGED**

<u>Exhibit A</u> violates 15 U.S.C. §1692, 1692e, 1692(g)(a)(1)

21.     Section 1692e provides:

**§ 1692e.   False or misleading representations**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

22.     The notice contains a deceptive, false or misleading representation because it causes the consumer to believe that the past due amount is $251.68 as of the date the letter was sent, when this is not true.

23.     CCS knew or should have known that any consumer and especially the least sophisticated consumer would believe that $251.68 is the past due amount as of the date the letter was sent.

24.     CCS could have and should have stated clearly that $125.84 is the past due amount as of the date the letter was sent.

25.     Section 1692g provides:

3

**§ 1692g.  Validation of debts**
(a)  Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
(1)the amount of the debt

26.      CCS violated the above statute because it did not disclose the amount past due as of the date the letter was sent.

## CLASS ALLEGATIONS

27.      Plaintiff brings this action on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b) (3).

28.      The class consists of (a) all individuals (b) with a New York address (c) who were sent a letter in the form represented by Exhibit A (d) which was not returned by the post office as undeliverable (e) on or after a date one year prior to the filing of this action.

29.      The class is so numerous that joinder of all members is not practicable.  On information and belief, there are at least 40 members of the class.

30.      There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members.  The predominant common question is whether Exhibit A violates the FDCPA.

31.      Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

32.      Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

33.      A class action is superior for the fair and efficient adjudication of this matter, in that individual actions are not economically feasible.

    a.  Members of the class are likely to be unaware of their rights;

    b.  Congress intended class actions to be the principal enforcement mechanism under

the FDCPA.

        **WHEREFORE**, the Court should enter judgment in favor of plaintiff and the class and

against defendant for:

        (1)     Statutory damages;

        (2)     Attorney's fees, litigation expenses and costs of suit;

        (3)     Such other and further relief as the Court deems proper.

## DEMAND FOR TRIAL BY JURY

        Plaintiff requests trial by jury on all issues so triable.

Dated:  New York, New York
        April 13, 2010

 

AARON COHEN, ESQ. (AC0613)
THE COHEN LAW OFFICE, P.C.
Attorney for Plaintiff
300 E. 42nd Street, 10th Floor
New York, New York 10017
Telephone: (212)-537-6860
acohen@cohenlawpc.net

# EXHIBIT A



# CREDIT COLLECTION SERVICES

Two Wells Avenue, Newton, MA 02459
M–Th: 8AM – 9PM, Fri: 8AM–5PM, Sat: 8AM – Noon, ET
Self Service: www.warningnotice.com
Toll Free: 1 (877) 819-5867 (Se Habla Español)
English • Español • Français • 中文 • 日本語

Date: 3/31/10
File Number: 02 0149 38527
*REDACTED*

LOAN DATE: 031510



SHIMSHON WEXLER
515 W 110TH ST APT 10G
NEW YORK, NY 10025-2054

009431 - 1050 - LOT02



## FEDERAL LAW

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current-creditor.  This is an attempt to collect a debt and any information obtained will be used for that purpose.  This communication has been sent by a debt collector.

New York City Department of Consumer Affairs License Number
1004218



CCS OFFERS CHECK-BY-PHONE ACCOMMODATION

You can instantly pay by check by calling the above referenced toll free number for assistance. Our Customer Service Representatives are professionally trained and available during extended business hours.

To expedite credit, please send payments directly to the address below.

ACS
ATTN:  WEF - CCS PAYMENTS
501 BLEEKER ST
UTICA, NY  13501

**AMOUNT DUE:**
**$251.68**

# EXHIBIT B

ACS :: Account Detail Information                                              Page 1 of 1



Friday, April 9, 2010

| Manage Account
| Payment Options
| Loan Options
| Financial Aid
| Info Center
| Make A Payment
| 1098-E Information
| Go Paperless
| Logout

Home | My Accounts | Private | Account Detail                                        Logout

Account Detail for REDACTED                      **Currently Viewing Your Private Loans**

SHIMSHON WEXLER
515 W 110TH ST APT 10G
NEW YORK NY 10025-2054          • Click here to view or download your 2009 1098E tax form
mwseee@yahoo.com
mwseee@yahoo.com                                         Click here to pay using
(646) 752-1803 (Home)
(212) 471-3278 (Work)                                    **express**pay

(UPDATE ADDRESS)         REDACTED

ACCOUNT NUMBER                           STATUS : In Repayment, 26 days past due
         (◀◀) (◀)      Account 1 of 1   (▶) (▶▶)

LOAN TYPE PRIVATE LOAN PRGMS            CURRENT DUE $125.84

BILLING TYPE Monthly Bills              PAST DUE $125.84

REPAYMENT PLAN Level                    LATE CHARGE DUE $15.00

                                        TOTAL DUE $266.68         April 14, 2010

LENDER WELLS FARGO BANK
       N.A.
GUARANTOR WACHOVIA
          EDUCATION FINANCE

                                        LAST PAYMENT DATE

OUTSTANDING BALANCE $16,659.15          LAST AMOUNT PAID $0.00

ACCRUED INTEREST $152.00                          PAYMENT
                                                  HISTORY
MONTHLY PAYMENT
        AMOUNT $125.84

INTEREST RATE 7.750% Variable           TO PAY OFF YOUR $16,893.31
                                        ENTIRE LOAN
CURRENT YEAR INTEREST
              PAID $0.00                PAY OFF GOOD THROUGH April 19, 2010

PRIOR YEAR INTEREST
            PAID $0.00

Contact Us | Site Map | Privacy Policy | Terms of Use          © Copyright 1994 - 2009 Affiliated Computer Services, Inc. All Rights Reserved.

https://www.acs-education.com/CS/Jsp/manageaccount/singleAccountInfo.jsp?NavBarId=s...   4/9/2010

ACS :: Borrower Account Summary                                                              Page 1 of 1

